# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PARAGON TANK TRUCK
EQUIPMENT, LLC,**
        **Plaintiff,**

    v.                                    Case No. 13-C-0061

**PARISH TRUCK SALES, INC.,**
        **Defendant.**

## ORDER

Two matters are before me now. The first is the defendant's response to my order to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction. In my order, I identified two defects in the jurisdictional allegations of the notice of removal: (1) the plaintiff is a limited liability company, yet the notice of removal does not identify the citizenship of the plaintiff's members; and (2) the defendant is a corporation, yet the notice of removal does not identify the defendant's state of incorporation. In response to my order, the defendant has supplied the missing information. It informs me that the members of the plaintiff are citizens of Texas, Georgia, and Wisconsin, and that the defendant's state of incorporation is Louisiana. As the defendant has already alleged that its principal place of business is also Louisiana, I am satisfied that I have subject matter jurisdiction.

The second matter is the defendant's motion to dismiss for lack of personal jurisdiction. The defendant filed that motion on February 13, 2013. Under the local rules of this court, the plaintiff's response to the motion was due within 21 days. See Civil L. R. 7(b). However, the plaintiff has yet to file any response to the motion. Under the local

rules, "[f]ailure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion." Civil L.R. 7(d). Although I would ordinarily issue a warning to a litigant who has failed to file a response to a motion before granting the motion pursuant to Civil Local Rule 7(d), in the present case the plaintiff seems to have abandoned the case. The Clerk of Court has issued three notices to plaintiff directing it to file its consent/refusal-to-consent form regarding the exercise of jurisdiction by a magistrate judge, yet the plaintiff has not responded. See ECF No. 6. Thus, it appears that issuing a warning would be futile. Accordingly, I will grant the defendant's motion pursuant to Civil Local Rule 7(d).

Accordingly, **IT IS ORDERED** that the defendant's motion to dismiss for lack of personal jurisdiction is **GRANTED**. The clerk of court shall enter judgment dismissing this case without prejudice.

Dated at Milwaukee, Wisconsin, this 11th day of April, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge